UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH B. CARR and
ELAINA M. CARR,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, NA

    Defendant.
_____/

Case No. 13-11573
Honorable Denise Page Hood

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.     BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on April 8, 2013. Plaintiffs Kenneth B. Carr and Elaina M. Carr filed a Complaint on March 7, 2013 against Defendant JP Morgan Chase Bank, National Association alleging: Fraudulent Misrepresentation/Silent Fraud (Count I); Estoppel (Count II); Negligence (Count III); Violation of the Fair Debt Collection Practices Act (State) (Count IV); Violation of the Fair Debt Collection Practices Act (Federal) (Count V); and, Violation of Michigan Consumer Protection Act (Count VI).

The real property at issue is commonly known as 8901 Stevens St., Taylor, Michigan (Comp., ¶ 1) Plaintiffs lived in their home for over five years. (Comp., ¶ 6) In 2008, Plaintiff Kenneth Carr took a 10% pay cut at work and was laid off in May 2009. (Comp., ¶¶ 7-8) Plaintiffs filed for bankruptcy, which was discharged in December 2009 and were unable to reaffirm the

mortgage. (Comp., ¶¶ 9-10) In February 2010, Plaintiffs contacted the Bank to inquire about a loan modification and were advised that they would have to skip several mortgage payments in order to qualify. (Comp., ¶¶ 11-13) Plaintiffs were already behind several months' payments because of their financial hardships and were set up on a repayment plan with the Bank. (Comp, ¶¶ 14-15) The payments under the repayment plan were significantly higher than Plaintiffs' regular monthly mortgage payments and they were forced to restart the plan several times. (Comp., ¶¶ 17-18)

Plaintiff Kenneth Carr was again laid off rom his job in March 2011. (Comp., ¶ 20) In October 2011, Plaintiffs were advised they qualified for a loan modification. (Comp., ¶ 21) When they received the terms of the modification, they were surprised that their "new payment" was nearly identical to their old payment. (Comp., ¶ 24) Plaintiffs inquired whether they could again attempt to catch-up under a repayment plan then reapply for a loan modification for a term that would be more affordable. (Comp., ¶ 25) The Bank advised Plaintiffs they could do so, but did not advise them that they could not attempt to modify the loan for a period of one year. (Comp., ¶ 26) Plaintiffs attempted to repay their loan under a repayment plan and were finally advised they could not modify the loan for another year. (Comp., ¶ 27)

In September 2012, Plaintiffs sent the required paperwork to the Bank for another loan modification, after a year had passed. (Comp., ¶¶ 29-30) Plaintiffs claim they were advised the paperwork was incomplete and that the loan modification was denied. (Comp., ¶ 31) On September 13, 2012, a Sheriff's Sale was held. (Comp., ¶ 32) As noted above, the instant Complaint was filed on March 7, 2013.

This matter is before the Court on Defendant's Motion to Dismiss. No response was filed to the motion.

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content,

3

must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

**B.     Standing**

Defendant argues that the redemption period of six months under M.C.L. § 600.3240(8) has passed and Plaintiffs have no standing to challenge the Sherif's Sale. No response was filed by Plaintiffs.

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Goryoka v. Quicken Loan, Inc.,* 2013 WL 1104991, * 1 (6th Cir. Mar. 18, 2013)(citing, *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)). "The right to redeem from a foreclosure sale is a statutory right that ... can neither be enlarged nor abridged by the courts." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing,* 2012 WL 5869918, * 5 (6th Cir. Nov. 20, 2012)(quoting *Detroit Trust Co. v. Detroit City Serv. Co.,* 262 Mich. 14 (1933)). Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. A court may consider equitable remedies only if there is a clear showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply as to any conduct by a defendant. *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman v. Wozniak,* 241 Mich.

4

App. 633 (2000)).

The Sheriff's Sale occurred on September 13, 2013. Plaintiffs did not redeem the property during the six-month period, which expired on March 13, 2013. Plaintiffs are unable to challenge the Sheriff' Sale and any foreclosure action related to the property. Plaintiffs' Complaint fails to allege any fraud or irregularity, *as to the foreclosure proceeding itself.* Rather, Plaintiffs allege that Defendant failed to advise them that they were not entitled to another loan modification until after one year from the first loan modification and that entering into a repayment plan would ultimately seal their fate. Even if the Bank failed to notify Plaintiffs they were not entitled to a loan modification until a year after their first loan modification, Plaintiffs admit they were behind on their repayment plan in their Complaint and they do not assert any irregularity *as to the foreclosure proceeding itself.*"

        **C.**        **Misrepresentation claims (Counts I, II, III)**

Plaintiffs' misrepresentation-related claims in Counts I, II (Estoppel) and III (Negligence) must be dismissed under Rule 9(b) of the Rules of Civil Procedures.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). A review of the Complaint shows Plaintiffs have failed to allege the specific statements made by the Bank representatives, the fraudulent scheme involved and the fraudulent intent of the Defendants, with sufficient specificity.

The negligence claim in Count III also must be dismissed for another reason. Michigan courts have held that a lender has no legal duty to exercise reasonable care as to the eligibility of

5

loans. *Ulrich v. Federal Land Bank of St. Paul,* 480 N.W.2d 910 (Mich. Ct. App. 1991). Plaintiffs failed to state a claim of negligence against Defendant. Counts I, II and III are dismissed for failure to state a claim upon which relief may be granted.

### D.      Fair Debt Collection Act (State) - Count IV

The Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251, *et seq.,* prohibits misrepresentations and misleading communications by a "regulated person" in connection with the collection of a debt or claim and that a borrower may only seek actual damages or fines in the event of a "willful violation."   M.C.L. §§ 445.252, 445.257.

A review of the Complaint fails to allege that Plaintiffs suffered actual damages. Plaintiffs also fail to allege what any facts to show that any communications or acts by the Bank were willful violations of the Act. Plaintiffs have failed to state a claim under Count IV.

### E.      Fair Debt Collection Practices (Federal) - Count V

The Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* governs a "debt collectors" actions. Creditors, mortgagors and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. *See Givens v. HSBC Mortg. Serv.,* 2008 WL 419099 at *1 (E.D. Mich. Aug. 26, 2008)(unpublished). The FDCPA exempts any person from collecting or attempting to collect any debt owed or due or asserted concerning a debt which was not in default at the time it was obtained by such person. 15 U.S.C. § 1692a(6)(F).

Plaintiffs have not shown that the Bank is a debt collector under the FDCPA. Also, as admitted by Plaintiffs in their Complaint, they were behind in their loan payments to the Bank. Count V must be dismissed.

### F. Michigan Consumer Protection Act, Count VI

Defendant argues that it is not subject to the Michigan Consumer Protection Act.  A party waives opposition to a motion if the party fails to respond to arguments raised in the motion.  *See, Innovation Ventures, LLC v. N.V.E. Inc.,* 747 F.Supp.2d 853, 860 (E.D. Mich. 2010); *Scott v. State of Tenn.,* 1989 WL 72470, at *2 (6th Cir. Jul. 3, 1989).  Courts have held that loan transactions which are subject to laws administered by the Commissioner of the Office of Financial Services and Insurance are exempt from the Michigan Consumer Protection Act,  *See, Mills v. Equicredit Corp.,* 294 F.Supp.2d 903, 910 (E.D. Mich. 2003).  The MCPA does not apply to claims arising from residential mortgage loan transactions.  *See, Newton v. Bank West,* 262 Mich. App. 434 (2004).  Count VI must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant JP Morgan Chase Bank's Motion to Dismiss **(Doc. No. 5)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2013, by electronic and/or ordinary mail.

S/Holly Monda for LaShawn Saulsberry
Case Manager

7